*47 opinion. .
Aeundell :
Section 291 of the Revenue Act of 1936 imposes a delinquency penalty for failure to file returns within the time required by law or within the time prescribed by the Commissioner “unless it is shown that such failure is due to reasonable cause and not due to willful neglect * * The evidence establishes beyond question that there was no willful neglect, if that term means, as we think it does, that the failure to file was intentional or designed. The securing of an extension of time to file the final returns, the prompt filing of tentative returns, the early making out of the final returns by the petitioners’ tax accountant, followed by the prompt execution of those returns by the proper corporate officers, and the turning over of the returns for filing to petitioners’ employee who was charged with the duty of personally seeing that they were filed, are all facts which point to the absence of any willful neglect by petitioners.
Grace Gaghan, whose duty it was to file the returns, takes the blame for the delay. Some 20 to 25 different corporate returns were prepared under the direction of the office in which she was employed and it appears that in all other instances the returns of the several corporations were timely filed. The returns of petitioners for prior and subsequent years had been timely filed and the reason for the delay in this case, as pointed out in the findings, results from the fact that the returns in question became mixed with the retained copies of the returns of the several other corporations and thus were not sent in due course to the collector. It was not until the collector wrote petitioners asking why the final returns had not been filed that a search through the office copies disclosed that the completed returns had not been filed. The returns were then immediately forwarded to the collector and duly filed.
*48 Both corporations were real estate companies and it appears from the returns in evidence that in the case of Bouvelt there was only one transaction within the year and in the case of Olinron two transactions. The tentative and final returns of both companies had reported no tax due, although the transactions apparently were set forth fully in the final returns. Thus the fact that no tax was paid would not place the officers of petitioners on notice that the returns had not been filed, as might be the case where a return shows a tax due. In the circumstances we think it may be said that there was a reasonable cause for the failure to file on time. Carnie-Goudie Manufacturing Co., 18 B. T. A. 893. We are not unmindful of the grave necessity for the timely filing of tax returns, but the imposition of the penalty is not made mandatory by the statute. Congress was fully alive to the fact that there would be occasions where responsible officers of corporations had taken every safeguard for filing their returns and yet something went wrong. We are of the opinion that on these facts the penalty should not be imposed.

Decision will be entered for the 'petitioners.